UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

**Filed 7/26/96**

DAVID MARCHANT,

        Plaintiff-Appellant,

v.

SHIRLEY S. CHATER, Commissioner
of Social Security,[*]

        Defendant-Appellee.

No. 95-2256
(D.C. No. CIV-94-838-JP)
(D. N.M.)

ORDER AND JUDGMENT[**]

Before PORFILIO, BRIGHT,[***] and KELLY, Circuit Judges.

---

[*]      Effective March 31, 1995, the functions of the Secretary of Health and Human Services in social security cases were transferred to the Commissioner of Social Security. P.L. No. 103-296. Pursuant to Fed. R. App. P. 43(c), Shirley S. Chater, Commissioner of Social Security, is substituted for Donna E. Shalala, Secretary of Health and Human Services, as the defendant in this action. Although we have substituted the Commissioner for the Secretary in the caption, in the text we continue to refer to the Secretary because she was the appropriate party at the time of the underlying decision.

[**]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[***]    Honorable Myron H. Bright, Senior Circuit Judge, United States Court of Appeals for the Eighth Circuit, sitting by designation.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiff David Marchant is a 36-year-old man with a high school education who has previously worked as a construction laborer and foreman and as a floor sweeper. He applied for social security disability benefits on August 31, 1992, alleging a disability since July 8, 1992 due only to a back injury. After his application was denied at the administrative level, plaintiff requested and received a de novo review and hearing before and administrative law judge (ALJ) on December 13, 1993. The ALJ found plaintiff was not disabled within the meaning of the Social Security Act, and that decision became the final decision of the Secretary when the Appeals Council denied plaintiff's request for review of the ALJ's decision.

Plaintiff then appealed his denial of benefits to the United States District Court for the District of New Mexico. Before the district court, plaintiff raised a new claim that he had a disabling mental impairment resulting from drug addictions. The district court adopted the recommendation of a magistrate judge

in affirming the defendant's decision and rejecting his new claim of a disabling mental impairment. We affirm.

We review the Secretary's final decision to determine whether the ALJ's findings are supported by substantial evidence in the record viewed as a whole and whether the correct legal standards were applied. Glenn v. Shalala, 21 F.3d 983, 984 (10th Cir. 1994).

The magistrate judge found that the medical record[1] establishes that plaintiff appears to have a severe impairment consisting of degenerative lumbar disc disease. Plaintiff testified that he can stand for up to 10-15 minutes at a time, and that one doctor told him to perform no lifting over 25 pounds and to perform no bending. Plaintiff's impairment, however, fails meet any of the disability listing criteria set forth in social security regulations. Although it appears plaintiff is unable to return to any of his past relevant work, he failed to establish that his pain is of sufficient severity to preclude a full range of sedentary work.[2] Plaintiff uses no pain medication and he has not received any

---

[1]     Plaintiff's medical record consisted of his New Mexico Penitentiary medical record, 5/19/89 to 9/26/92; his University of New Mexico Hospital record, 7/17/92 to 8/25/92; and his Central New Mexico Correction Facilities medical record, 1/2/91 to 4/5/92.

[2]     A "sedentary" job is defined as one involving sitting and also a certain degree of walking and standing. A job is sedentary if walking and standing are required occasionally and other sedentary criteria are met. Work performed at the

(continued...)

treatment for his back condition since 1992. Based on plaintiff's testimony, the ALJ noted that plaintiff has a fairly active lifestyle[3] which is consistent with an ability to perform at least a full range of sedentary work. Substantial evidence supported the ALJ's conclusion that plaintiff is not disabled as defined under the Social Security Act.

Plaintiff also asserts that the ALJ failed to adequately explore the possibility that he has a disabling mental impairment resulting from drug addictions.[4] The record shows, however, that the ALJ developed the record and substantial evidence supported the ALJ's determination that plaintiff has no severe mental impairment due to drug addiction. Plaintiff did not indicate to the ALJ that he was unable to work due to drug use. His testimony revealed that he has had drug abuse treatment and he has reduced his substance abuse. Except for attending an anger management control program, plaintiff was not undergoing any

---

[2](...continued)
sedentary level of exertion would require no more than two hours of standing or walking in an eight-hour work day.

[3] For example, plaintiff testified that he helps his mother clean the house, he goes grocery shopping, he feeds the dog, and makes appointments.

[4] Social Security Ruling 82-60 provides that an alcoholic or drug addict is not disabled if the evidence fails to show inability to engage in substantial gainful activity.

psychiatric or mental health outreach treatment or psychiatric hospitalizations. The ALJ stated that plaintiff got along well with his mother and fiancee with whom he lived, and that plaintiff related openly and cooperatively during his disability hearing. The record supports the ALJ's determination that plaintiff's alleged antisocial personality disorder with dependency needs failed to constitute a disabling impairment.

The judgment of the United States District Court for the District of New Mexico is AFFIRMED.

Entered for the Court

Myron H. Bright
Senior Circuit Judge